Smiley J. Harris
c/o Post Office Box 552
Clearlake Park, Ca. Republic; USA
                near [95424]
Tele: (707) 994-1393
IN PRO PER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 17 1785 NJV**

Case No.#CV-17-

JAMES LA VELL HARRIS
    Plaintiff

v.

LAKE COUNTY SUPERIOR COURT, LAKE
COUNTY DISTRICT ATTORNEY'S OFFICE,
DEPARTMENT OF MOTOR VEHICLES, JEAN
SHIMOTO, CLEARLAKE POLICE DEPT., DON A.
ANDERSON, MICHAEL S. LUNAS, T. HOBBS,
DANA LIBERATORE, E. COOK and DOES
1 thru XX sued individually and officially,
    Defendants,

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF & DAMAGES
/ DEMAND FOR JURY TRIAL

## I. **INTRODUCTION**

1. Plaintiff, a layman-at-law in sui juris propria persona brings this complaint seeking injunctive and declaratory relief along with pecuniary losses associated with plaintiff's personal injury/damages resulting from the deliberate discriminatory acts and conduct of defendant's and each of them under color of authority based upon plaintiff's race, political status and/or religious beliefs in violation of Plaintiff's rights as secured under the U.S. Constitution. Plaintiff therefore seeks review of these matters pursuant to the standards of review as set in Haines v. Kerner, (1972), 404 U.S. 519, 30 L.Ed.2d 652, 654, 92 S.Ct. 594; requiring that the court take judicial notice of the *"substance of the pleadings rather than the form"*. Plaintiff further asks for full considerations therefrom in the review of the submitted memorandum, including the related documents submitted

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                             Case No#

herewith in this matter as held pursuant to the standards as set forth in Hughes v. Rowe (1980) 449 U.S. 5,9-10, 101 S.Ct 173, 66 L.Ed. 2d 163; Eldridge v. Block (9th Cir. 1987) 832 F.2d 1132, 1137; and Draper v. Coombs (9th Cir. 1986) 793 F. 2d 915, 924; requiring that the court '*liberally construe*' plaintiff's pleading and to treat them with a greater leniency when evaluating compliance with the technical rules of civil procedure.

## II.  **JURISDICTION**

2.   Plaintiff alleges subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 and §1343 et seq. because this action arises under the laws and of the Constitution of the United States of America and falls within the meaning of Title 28 U.S.C. §§ 2201(a), §2202; Civil Code §1708; Title 18 U.S.C. §1595(a) and §1964(a) & (c).

## III. **VENUE**

3.   Plaintiff alleges that venue is proper in this matter pursuant to Title 28 U.S.C. §§1391(3) and §1402(a)(1). Venue is also proper under Title 18 U.S.C. §1965(a).

## IV. **PARTIES**

4.   Plaintiff Smiley James Harris formerly known as 'James La Vell Harris' is at all times mentioned herein an American of West African descent and the authorized representative of HARRIS ENTERPRISES, LLC the Secured Party Creditor for the Debtor, JAMES LA VELL HARRIS. At all times mentioned herein plaintiff was living in and on the land in the City of Clearlake, in and for the County of Lake.

5.   Plaintiff is also a disenfranchised "American" under the provisions of Title 8 U.S.C. §1481(a). In that plaintiff has recorded in the Rancho Simi Township of Canoga Park, California, the following documents: 1) an 'Oath' of allegiance to uphold and defend the Constitution of the California state Republic; 2) a 'Declaration of Citizenship' declaring plaintiff to be a Citizen of the California state Republic; and  3) a 'Revocation of Power of Authority' revoking the assumption of authority inherent in possession of the Social Security Number. Plaintiff asserts status as a 'state national' as defined by Title 8 U.S.C. §1101(a)(21) and as a U.S. non-citizen national under the provisions of Title 8 U.S.C.

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                              -2-                        Case No#

§1452.

6.    Defendant LAKE COUNTY SUPERIOR COURT is at all times mentioned herein this complaint a "public entity/corporation" within the State of California organized and existing under the laws of the State of California and the County of Lake; authorized to do and doing business in the County of Lake, with their principal place of business located to 255 North Forbes Street, Lakeport, CA. 95453.

7.    Defendant MICHAEL S. LUNAS at all times mentioned herein, is a judicial officer of the STATE OF CALIFORNIA and the employee of the Lake County Superior Court, holding the title of Honorable Judge; with assigned duties and/or responsibilities within the Lake County Superior Court that includes but is not limited to: 1) obeying the law of the land, 2) enforcing the law of the land, and 3) upholding the Constitution of the State of California and that of the United States. He is sued herein in both his official capacity under Government Code [GC] §820 and in his individual capacity under Civil Code [Civ] §1708.

8.    Defendant LAKE COUNTY DISTRICT ATTORNEY'S OFFICE [LCDA] is at all times mentioned herein this complaint a "public entity/corporation" within the State of California organized and existing under the laws of the State of California and the County of Lake; authorized to do and doing business in the County of Lake, with their principal place of business located to 255 North Forbes Street, Lakeport, CA. 95453.

9.    Defendant DON A. ANDERSON, State Bar #141947 is at all times mentioned herein a non-judicial officer of the STATE OF CALIFORNIA, and an employee of LCDA holding the title of District Attorney; with assigned duties and/or responsibilities within the Lake County Superior Court that includes but is not limited to: 1) obeying and enforcing the laws of the State of California; 2) enforcing and/or upholding the Constitution of the State of California and that of the United States; 3) the training, supervision and/or instruction of his agents, officers and/or employees as to the proper application of the law relating to what constitutes proper "probable cause" for arrest and conviction; and 4) the

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                          -3-                          Case No#

assignment, preparation and/or presentation of criminal cases. He is sued herein in both his official capacity under GC §820 and in his individual capacity under Civ §1708.

10. Defendant DANA LIBERATORE, State Bar #273205 is at all times mentioned herein a non-judicial officer of the STATE OF CALIFORNIA and an employee of the LCDA, holding the title of Deputy District Attorney; with assigned duties and/or responsibilities within the Lake County Superior Court that includes but is not limited to: 1) obeying and enforcing the laws of the State of California; 2) enforcing and/or upholding the Constitution of the State of California and that of the United States; 3) the assignment, preparation and/or presentation of criminal cases. He is sued herein in both his official capacity under GC §820 and in his individual capacity under Civ §1708.

11. Defendant DEPARTMENT OF MOTOR VEHICLES [DMV] is at all times mentioned herein a "corporation/ public entity" organized and established under the laws of the State of California with its principle place of business in Sacramento, California located at: Office of the Director, Department of Motor Vehicles, 2415 1st Avenue, Mail Station F101, Sacramento, California 95818.

12. Defendant JEAN SHIMOTO, is at all times mentioned herein an employees of DMV with the title of Director; holding assigned duties and responsible within the DMV for its operations that includes but is not limited to: 1) the creation, modification and/or enforcement of policies, practices and/or procedures that comply with existing laws of the State of California; 2) the training, supervision and/or instruction of its agents, officers and/or employees so as to comply with existing laws of the State of California; 3) obeying and enforcing the laws of the State of California ; 4) enforcing and/or upholding the Constitution of the State of California and that of the United States; 5) the training, supervision and/or instruction of its agents, employees and/or officers as to maintaining accurate records; and 6) the training, supervision and/or instruction of its agents, employees and/or officers as to the disbursement of information to law enforcement agencies. She is sued herein in both her official capacity under GC §820 and in her

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -4-                    Case No#

individual capacity under Civ §1708.

13.    Defendants DOES 1-20 are at all times mentioned herein employees of Defendant DMV holding various titles, with assigned duties and responsibilities that includes, but is not limited to: implementing, enforcing and/or administering the policies, practices and/or procedures of the DMV in compliance with existing laws of the State of California. Plaintiff is ignorant of the true names and capacities of Defendants sued herein and DOES 1-20, inclusive, and therefore sues these Defendants by such fictitious names.

14.    Defendant CLEARLAKE POLICE DEPARTMENT [CLPD] is at all times mentioned herein this complaint a "public entity/corporation" within the State of California organized and existing under the laws of the State of California and the County of Lake; authorized to do and doing business in the County of Lake, with their principal place of business located to 14050 Olympic Drive, Clearlake, CA. 95422.

15.    Defendant TIMOTHY HOBBS is at all times mentioned herein an employee of the CLPD, holding the rank/title of Sergeant, with assigned duties that includes, but is not limited to: 1) obeying and enforcing the laws of the State of California; 2) enforcing and/or upholding the Constitution of the State of California and that of the United States; and 3) training, supervising and/or instructing agents, officers, and/or employees of the CLPD as to the proper application of the law; as such he is sued herein in his official capacity under GC §820 and in his individual capacity under the provisions of Civ §1708.

16.    Defendant ELVIS COOK is at all times mentioned herein an employee of the CLPD, holding the rank/title of Officer with assigned duties that includes, but is not limited to: 1) obeying and enforcing the laws of the State of California; 2) enforcing and/or upholding the Constitution of the State of California and that of the United States; as such he is sued herein in his official capacity under GC §820 and in his individual capacity under the provisions of Civ §1708.

17.    Defendant ALL AMERICAN TOWING is at all times mentioned herein this complaint a "corporation" within the State of California organized and existing under the laws of the

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -5-                    Case No#

State of California and the County of Lake; authorized to do and doing business in the County of Lake, with their principal place of business located to 3400 Garfield Street, Clearlake, CA. 95422.

18. Defendant DOE 21 is at all times mentioned herein is an employee of All American Towing, holding the title of 'driver', with assigned duties and responsibilities that includes, but is not limited to: 1) obeying the laws of the State of California as such he is sued herein in his official capacity under GC §820 and in his individual capacity under the provisions of Civ §1708.

19. At all times mentioned in this complaint, unless otherwise alleged, Defendants and each of them are and were at all times material herein, the agent, servant, employee, partner, joint venturer, co-conspirator, lessor, lessee and/or owner of each of the acts and omissions and in making the representations hereinafter alleged, were acting within the course and scope of their authority and employment as such agents, servants and employees, with the permission, knowledge, consent and ratification of their co-defendants, and each of them.

20. Plaintiff is informed and believe and thereon allege that at all times mentioned herein, defendants and each of them, were personally aware that the practices described herein were invidious and prohibited by policies and regulations of the State of California, and in violation of federal laws enacted to protect natural persons from such abuses and invidious applications of authority.

21. Plaintiff asserts that this court is plaintiff's only available remedy to redress these issues.

## V. FACTS APPLICABLE TO ALL CAUSES OF ACTION

22. On February 9, 2001 plaintiff sent an "Actual and Constructive Notice" to DMV voluntarily cancelling/surrendering the driver's license number #A3513101, issued to JAMES LA VELL HARRIS.

23. On March 5, 2001 plaintiff filed: 1) an Affidavit, "Actual and Constructive Notice/ Notice of Surrender of Driver's License" and 2) an "Affidavit of Revocation of Birth

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                                    -6-                          Case No#

Certificate Nunc Pro Tunc, Revocation of Contract and Revocation of Power of Asseveration"; in the Superior Court for the County of Lake.

24. On or about March 8, 2001 plaintiff received confirmation from DMV of the cancellation/surrender of driver's license #A3513101.

25. On or about April 16, 2001 plaintiff received additional confirmation from DMV concerning the cancellation/surrender of driver's license #A3513101.

26. On May 18, 2001 the Lake County Superior Court received from plaintiff; 1) an Affidavit, "A Freeman's Right to Travel- Judicial Notice-Demand For All Rights Protected by the Constitution for the United States of America" and 2) a "Notice of Intent of Traveler at Law".

27. During the period of May 2001 up until October 2005, plaintiff was prosecuted within the Lake County Superior Court "solely" for a violation of California Vehicle Code [VC] §2500(a); "driving without a license". See Harris v. Bus., Trans. & Housing Agcy, et al.; Northern District Court case C-07-0459 PJH, appeal was untimely. Plaintiff's prosecutions thereafter were for "driving under a suspended license" a violation of VC 14601.

28 On or about October 28, 2005 plaintiff was acquitted of a violation of VC 12500(a) in Lake County Superior Court Case #CR905679 upon the dismissal by the District Attorney on the merits of the case.

29. On or about October 19, 2007 plaintiff purchased title/ownership of property described as a: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, Vehicle Identification Number [VIN] YV1FA8740J2274202 from "Fisher Towing" for $600.

30. In or about February 2008, plaintiff also obtained an "At Law Public Notice/Bill of Sale" from "Stormi Johnson" the individual in actual possession of the property described as: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202.

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -7-                    Case No#

31. In or about January 15, 2009, plaintiff was arrested, charged and convicted upon charges of a violation of VC 14601.1(a) "driving under a suspended license" in Lake County Superior Court case #CR917755; upon information provided by the DMV. Plaintiff's conviction was affirmed on appeal. Plaintiff was imprisoned within the Lake County Jail from January 15, 2009 through to November 2009.

32. In or about September 11, 2013, plaintiff as the authorized representative for "HARRIS ENTERPRISES, LLC" submitted a UCC-1 Financial Filing listing as collateral property, one Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202; with a recorded commercial lien value of $20 Million.

33. On January 16, 2014 plaintiff was arrested by Officer E. Cook of the CPD while traveling in the property described as Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202; for violations of VC sections, 1) §14601.2(a) "driving with knowledge of a suspended license occurring from a DUI" and 2) §14601.5(a), "driving with knowledge of a revoked or suspended license". These allegations were prosecuted as Lake County Superior Court case #CR934869.

34. On January 17, 2014 plaintiff was arrested by Sgt. Hobbs of the CPD again while traveling in the property described as Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202; for violations of VC sections, 1) §14601.2(a) "driving with knowledge of a suspended license occurring from a DUI", 2) §14601.5(a), "driving with knowledge of a revoked or suspended license", 3) §14601.1(a) "driving with knowledge of a suspended license resulting from other", 4) §16028(a), "driving without evidence of financial responsibility; and 5) §4000(a), "driving a motor vehicle without registration". These allegations were prosecuted as Lake County Superior Court case #CR934870. Plaintiff's property described as: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202; was impounded and later sold by All American Towing

Company.

35.    In or about January 21, 2014 plaintiff caused to be recorded with the Secretary of State, for the State of California, an "Affidavit: Clarification of Citizenship".

36.    On or about March 4, 2014 plaintiff sent a "Notice and Demand" by certified mail #7013 1090 0000 3031 8635 to Sargent T. Hobbs and Officer E. Cook of the Clearlake Police Department seeking the return of my automobile.  Plaintiff received no reply.

37.    On or about February 3, 2014 plaintiff sent a "Notice and Demand" by certified mail #7013 1090 0000 3031 8598 to the Department of Motor Vehicles.  Plaintiff received no reply.

38.    On or about April 2, 2014 plaintiff received the "Notice of Rejection" from the City of Clearlake, addressing plaintiff's Tort Claim for the occurrences dated January 17, 2014.

39.    On June 4, 2014, based upon information supplied by DMV of a suspended license; plaintiff was convicted in both criminal actions #CR934869 and #CR934870.  Plaintiff was remanded into the custody of the Lake County Sheriff's Department until plaintiff's release on January 15, 2015. Plaintiff filed an appeal in that matter. The conviction was affirmed on January 15, 2015.

40.    Plaintiff abandoned direct appeal on that date to pursue collateral attack of the judgment.

## FIRST CAUSE OF ACTION

### Discrimination

41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

42.    The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to maintain accurate records as per the proper application of law as held pursuant to Civil Code §1798 et seq. because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869, in violation of plaintiff's rights secured as under Civil Code §1798.45(b).

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -9-                    Case No#

43. Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such discrimination as guaranteed by Civ §51, §51.7, §52.1(b), §1708, §43, §67.1, §678(1), §681, §732, §1427, §1428, §1556, §1567, §1570, §1571, §1575, §1581, §1584, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §1584, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc -4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

### Discrimination

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

45. The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to comply with plaintiff's request for correction of records as per the proper application of law held pursuant to Civ §1798 et seq.; because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869, in violation of plaintiff's rights secured as under Civ §1798.45(c).

46. Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory practices based upon plaintiff's race, political status and/or religious

beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1427, §1428, §1556, §1567, §1570, §1571, §1575, §1581, §1584, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §1584, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, and 2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION

### Discrimination

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

48. The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to maintain accurate records as per the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870, in violation of plaintiff's rights secured as under Civ §1798.45(b).

49. Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civil Code §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such discrimination as guaranteed by Civ §51, §51.7, §52.1(b), §1708, §43, §67.1, §678(1), §681, §732, §1427, §1428, §1556, §1567, §1570, §1571, §1575, §1581, §1584, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C.

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -11-                    Case No#

§1584, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§ 1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTH CAUSE OF ACTION

### Discrimination

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

51. The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to comply with plaintiff's request for correction of records as per the proper application of law held pursuant to Civ §1798 et seq.; because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870, in violation of plaintiff's rights secured as under Civ §1798.45(c).

52. Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708, §43, §67.1, §678(1), §681, §732, §1427, §1428, §1556, §1567, §1570, §1571, §1575, §1581, §1584, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §1584, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§ 1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION

### Discrimination

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

54. The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to maintain accurate records as per the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's false imprisonment without probable cause in Lake County Superior Court case #934870, in violation of plaintiff's rights secured as under Civ §1798.45(b) and Penal Code §236 and §236.1(a).

55. Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such discrimination as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1427, §1428, §1549-50, §1556, §1565, §1567, §1569(a), (b) and (c), §1570, §1571, §1575, §1581, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTH CAUSE OF ACTION

### Discrimination

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this

complaint.

57.	The failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to comply with a request for correction of records per the proper application of law held pursuant to Civ §1798 et seq.; because of an existing policy, practice and/or procedure of the DMV caused, led to and/or resulted in plaintiff's false imprisonment without probable cause in Lake County Superior Court case #934869, in violation of plaintiff's rights as secured under Civ §1798.45(c) and Penal Code §236.

58.	Defendant SHIMOTO knew or should have known that failing to properly train, supervise and/or instruct her agents, officers and/or employees as to the proper application of law as held pursuant to Civ §1798 et seq. because of an existing policy, practice and/or procedure of the DMV could, would and did subject plaintiff to discriminatory practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1427, §1428, §1549-50, §1556, §1565, §1567, §1569(a), (b) and (c), §1570, §1571, §1575, §1581, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589 and §1962 (b), (c) and (d); and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SEVENTH CAUSE OF ACTION

### Discrimination

59.	Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

60.	Defendant DOES 1-20 knowing disregard for plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of DMV caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                                   -14-                           Case No#

County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

61. Defendant DOES 1-20 knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of DMV could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585 and §1589; Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, and §2000-d(7); and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTH CAUSE OF ACTION

### Discrimination

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

63. Defendant DOES 1-20 knowing disregard for plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of DMV caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

64. Defendant DOES 1-20 knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of DMV could, would and did subject plaintiff to

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -15-                    Case No#

discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## NINTH CAUSE OF ACTION

### Discrimination

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

66. The failure of Defendant ANDERSON to properly train, instruct and/or supervise his agents, employees and/or officers including, but not limited to: Defendant Liberatore in the proper application of Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of Lake County and/or of the STATE OF CALIFORNIA caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

67. Defendant ANDERSON knew or should have known that failing to properly train, supervise and/or to instruct his agents, employees, and/or officers as to the proper application of Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1,

§678(1), §681, §732, §1549-50, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH CAUSE OF ACTION

### Discrimination

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

69. The failure of Defendant ANDERSON to properly train, instruct and/or supervise his agents, employees and/or officers including, but not limited to: Defendant Liberatore in the proper application of Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

70. Defendant ANDERSON knew or should have known that failing to properly train, supervise and/or to instruct his agents, employees, and/or officers as to the proper application of Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -17-                    Case No#

2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH CAUSE OF ACTION

### Discrimination

71. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

72. The failure of Defendant ANDERSON to properly train, instruct and/or supervise his agents, employees and/or officers including, but not limited to: Defendant Liberatore in the proper application of the California Evidence Code et seq. [EC] because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by EC §500, §520, §550, §602; and Title §1962 (b), (c) and (d).

73. Defendant ANDERSON knew or should have known that failing to properly train, supervise and/or to instruct his agents, employees, and/or officers as to the proper application of EC §500, §520, §550, §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1427, §1428(1), §1549-50, §1556, §1565, §1567, §1569(a), (b) and (c), §1570, §1571, §1575, §1581, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH CAUSE OF ACTION

### Discrimination

74. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

75. The failure of Defendant ANDERSON to properly train, instruct and/or supervise his agents, employees and/or officers including, but not limited to: Defendant Liberatore in the proper application of the EC et seq. because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by EC §500, §520, §550, §602; and Title §1962 (b), (c) and (d).

76. Defendant ANDERSON knew or should have known that failing to properly train, supervise and/or to instruct his agents, employees, and/or officers as to the proper application of EC §§500, §520, §550 & §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1427, §1428(1), §1549-50, §1556, §1565, §1567, §1569(a), (b) and (c), §1570, §1571, §1575, §1581, §1585, §1688, and §1689(a)(1); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH CAUSE OF ACTION

### Discrimination

77. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                      -19-                      Case No#

complaint.

78. Defendant ANDERSON'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution and false imprisonment in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

79. Defendant ANDERSON knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### FOURTEENTH CAUSE OF ACTION

#### Discrimination

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

81. Defendant ANDERSON'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race,

religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

82. Defendant ANDERSON knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH CAUSE OF ACTION

### Discrimination

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

84. Defendant LIBERATORE'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

85. Defendant LIBERATORE knew or should have known that knowingly disregarding

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                                  -21-                            Case No#

plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); EC §§500, §520, §550, & §602; Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH CAUSE OF ACTION

### Discrimination

86. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

87. Defendant LIBERATORE'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

88. Defendant LIBERATORE knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of

plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); EC §§500, §520, §550, & §602; Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SEVENTEENTH CAUSE OF ACTION

### Discrimination

89. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

90. Defendant LIBERATORE'S knowing disregard for plaintiff's rights as secured by EC et seq. because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by EC §§500, §520, §550, & §602; Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

91. Defendant LIBERATORE knew or should have known that knowingly disregarding plaintiff's rights as secured by EC §§500, §520, §550, & §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986,

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -23-                    Case No#

§2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTEENTH CAUSE OF ACTION

### Discrimination

92. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

93. Defendant LIBERATORE'S knowing disregard for plaintiff's rights as secured by EC et seq. because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by EC §§500, §520, §550, & §602; Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

94. Defendant LIBERATORE knew or should have known that knowingly disregarding plaintiff's rights as secured by EC §§500, §520, §550, & §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH CAUSE OF ACTION

### Discrimination

95. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -24-                    Case No#

complaint.

96. Defendant LUNAS' knowing disregard for plaintiff's rights as secured by EC et seq. because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by EC §§500, §520, §550, & §602; Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

97. Defendant LUNAS knew or should have known that knowingly disregarding plaintiff's rights as secured by EC §§500, §502, §520, §550, & §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTIETH CAUSE OF ACTION

### Discrimination

98. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

99. Defendant LUNAS' knowing disregard for plaintiff's rights as secured by EC et seq. because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -25-                    Case No#

County Superior Court case #934870 in violation of plaintiff's rights as secured by EC §§500, §502, §520, §550, & §602; Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

100. Defendant LUNAS knew or should have known that knowingly disregarding plaintiff's rights as secured by EC §§500, §520, §550, & §602 because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FIRST CAUSE OF ACTION

### Discrimination

101. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

102. Defendant HOBBS' knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

103. Defendant HOBBS knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice

and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SECOND CAUSE OF ACTION

### Discrimination

104. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

105. Defendant HOBBS' knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

106. Defendant HOBBS knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4,

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -27-                    Case No#

§182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-THIRD CAUSE OF ACTION

### Discrimination

107. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

108. Defendant COOK'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934869 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

109. Defendant COOK knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

////

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                    -28-                    Case No#

## TWENTY-FOURTH CAUSE OF ACTION

### Discrimination

110. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

111. Defendant COOK'S knowing disregard for plaintiff's rights as secured by Civil Code §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA, because of plaintiff's race, religious beliefs and/or political status caused, led to, and/or resulted in plaintiff's malicious prosecution in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

112. Defendant COOK knew or should have known that knowingly disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH CAUSE OF ACTION

### Discrimination

113. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, inclusive of this complaint.

114. Defendant DOE 21's disregard for plaintiff's rights as secured by Civil Code §1427 and

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                           -29-                            Case No#

§1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA caused, led to, and/or resulted in the loss of plaintiff's property described as: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202 in Lake County Superior Court case #934870 in violation of plaintiff's rights as secured by Civ §§1556, §1567(1), (2), (3), (4), §1570, §1571, §1575, §1581, §1585, §1688, §1689(a)(1); and Title §1962 (b), (c) and (d).

115. Defendant DOE 21 knew or should have known that disregarding plaintiff's rights as secured by Civ §1427 and §1428(1), because of an existing policy, practice and/or procedure of the DMV, Lake County and/or of the STATE OF CALIFORNIA could, would and did subject plaintiff to discriminatory acts and practices based upon plaintiff's race, political status and/or religious beliefs in violation of plaintiff's rights to be free from such acts and conduct as guaranteed by Civ §51, §51.7, §52.1(b), §1708 §43, §67.1, §678(1), §681, §732, §1549-50, §1565, §1569(a), (b) and (c); Penal Code §96.4, §182(a)(6), §236.1(a) and §422.6(a); Title 18 U.S.C. §§241, §242, §891, §1001, §1584, §1585, §1589; and Title 42 U.S.C. §§1981, §1983, §1985(3), §1986, §2000(a), §2000a-1, 2000a-2(a), (b), and (c), §2000cc-4, §2000-d(7) and as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

116. Plaintiff is informed and believe and thereon allege that at all times mentioned herein, defendants and each of them, were personally aware that the practices described herein were invidious and prohibited by policies and regulations of the State of California, and in violation of federal laws enacted to protect natural persons from such abuses and invidious applications of authority.

117. Plaintiff is informed and believe and thereon allege that defendants and each of them were personally aware of the possibility of personal injury, which could and did result from the alleged invidious practices engaged in by defendants.

118. Plaintiff is informed and believes and thereon alleges that defendants and each of them,

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                              -30-                              Case No#

knowingly, wilfully, maliciously, intentionally, and/or with deliberate indifference while acting under color of authority violated plaintiff's constitutionally secured rights which caused, led to, and/or resulted in plaintiff's loss of "life, liberty, and happiness" and loss of property, when defendants and each of them acted to falsely arrest and imprison plaintiff without lawful probable cause.

## VI. PRAYER FOR RELIEF

119. As a direct and/or proximate result of the acts, practices and/or omissions of defendants, Plaintiff suffered and continues to suffer from physical and psychological injuries§§ including, but not limited to: loss of health, strength, vitality, vigor and activity; severe emotional distress, fear, depression, embarrassment, humiliation, physical pain and damage to his reputation and/or public character, loss of property and loss of liberty [ability to travel freely without fear of prosecution or loss of liberty].

120. As a further direct and/or proximate result of the acts, practices and/or omissions of defendants Plaintiff suffers from the continuous loss of confidence in Authority. Plaintiff's experiences has cause plaintiff to believe that a conspiracy exists amongst the law enforcement community, the judiciary and the prosecuting authority [State's Officers] to deprive plaintiff of rights currently enjoyed by others.

121. In doing the actions alleged in this complaint defendants and each of them knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believers and on that basis alleges that defendants intended to cause injury to plaintiff and acted with a wilful and conscious disregard of plaintiff's rights as secured by Civil Code §§51, 51.7 and 52.1(b) thereby entitling plaintiff to recover treble damages or a minimum of $4,000 compensatory damages pursuant to Civil Code §52(a).

122. Unless defendants are restrained by a temporary injunction under F.R.C.P. Rule 65(b), plaintiff will continue to suffer irreparable harm in that plaintiff will continue to be deprived of liberty [ability to travel without fear of prosecution or loss of liberty] and as such, would continue to suffer such mistreatment without remedy. Plaintiff has no

adequate remedy at law because monetary damages, which may compensate for past violence or threats of violence, will not afford adequate relief for the fear, humiliation and risk of injury that a continuation of defendants' conduct, in denial of plaintiff's rights will cause.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That the court declare the rights of all parties;

2. That the court issue a Permanent Injunction enjoining Defendants from arresting plaintiff without probable cause;

3. That this court award to Plaintiff Pecuniary Losses associated with Plaintiff's emotional distress and damages under the provisions of Title 18 §1963(a) and §1964(c);

4. That the court award Plaintiff Nominal damages against defendants and each of them pursuant to Civil Code §3360;

5. That the court award Plaintiff Compensatory damages against defendants and each of them under the provisions of Civil Code §52(a) for each act of discrimination against plaintiff;

6. That the court award Plaintiff General damages against defendants and each of them under the provisions of Civil Code §422.85 and §3281 et seq.;

7. That the court award Plaintiff Special damages against defendants and each of them under the provisions of Civil Code §52(a);

8. That the court award Plaintiff Punitive and/or Exemplary damages for Plaintiff's emotional distress against defendants and each of them in accordance with the provisions of Civil Code §3294 et seq., Penal Code §132 and §182(a)(6);

9. That interest and/or prejudgment interest on all damages sought and/or incurred herein at the lawful rate be awarded to Plaintiff under the provisions of Civil Code §3288;

10. That reasonable attorney's fees and costs be awarded to Plaintiff, pursuant to Title 42 U.S.C. §§1988, §2000a-3 and under the provisions of Civil Code §52(a) and 52.1(h);

11. That this court grant to Plaintiff, where applicable; the available relief under the

provisions of California Code of Civil Procedure, §473(d) and F.R.C.P. Rule 60(b)(4).

12.    That this court award to Plaintiff any further and other relief this court deems just and proper under the provisions of F.R.C.P. Rule 60(b)(6);

13.    That this court have a trial by jury on all triable issues.

Respectfully submitted,

DATED: March 26, 2017

By: _____
Smiley James Harris
Authorized Representative

VERIFICATION

I, Smiley James Harris, do declare as follows:

That I am the Authorized Representative for the Plaintiff in the above-entitled action and that I have read the foregoing COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF & DAMAGES/ DEMAND FOR JURY TRIAL and know its contents.

I declare therefore, that the matters stated in the foregoing document are true of my own knowledge, except as to the matters which are stated on my information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury in accordance with the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of March, 2017.

By: _____
Smiley James Harris, Attorney for Plaintiff/
Authorized Representative

Cmplt. For Injcntv. & Dclrty Rlf. & Damages
Demand for Jury Trial                                          -33-                                          Case No#