UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LA VELL HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAKE COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendants. | Case No.17-cv-01785-JST<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Re: ECF No. 16 |

　　　　Plaintiff James La Vell Harris filed this case on March 31, 2017. ECF No. 1. On April 21, 2017, the Court granted Plaintiff's motion to proceed in forma pauperis, and then dismissed Plaintiff's case without prejudice because the complaint failed to state a claim. ECF No. 10. The Court explained:

> Each of Harris's twenty-four causes of action is for "discrimination" by one of Defendants. See generally ECF No. 1. But there are no allegations in the complaint that any of the actions allegedly taken by any of the defendants were on account of race or any other protected ground.

Id. The Court granted Plaintiff leave to amend.

　　　　Rather than amend, however, Plaintiff appealed the dismissal order to the Ninth Circuit. ECF No. 11. On June 1, 2017, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction "because the order challenged in the appeal is not final or appealable." ECF No. 13. Plaintiff then filed a petition for writ of mandamus, seeking to compel this Court to "issue a final ruling" in his case. ECF No. 14. On June 7, 2017, the Court issued an order explaining that it would give Plaintiff one last opportunity to amend his complaint, and that if he did not do so, the Court would dismiss his complaint with prejudice. ECF No. 15.

　　　　Plaintiff filed an amended complaint on June 14, 2017. ECF No. 16. The amended

complaint suffers from the same flaw as the original complaint: it contains no factual allegations that would plausibly support Plaintiff's claims of discrimination. The Court therefore dismisses Plaintiff's case. Because the Court already granted Plaintiff leave to amend, and Plaintiff failed to correct the deficiencies in his complaint that the Court specifically identified, dismissal is without leave to amend. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile."); Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming denial of leave to amend where the plaintiff had failed to add any new facts to the proposed amended complaint).

IT IS SO ORDERED.

Dated: June 23, 2017

_____
JON S. TIGAR
United States District Judge

2